# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, successor by merger to LAWYERS TITLE INSURANCE CORPORATION | § § § § § | |
| v. | § § | Case No. 4:08-CV-00243 Judge Mazzant |
| DOUBLETREE PARTNERS, L.P. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion for Attorneys' Fees and Brief in Support (Dkt. #173) and Defendant's Motion for New Trial, Motion to Alter or Amend Judgment, Motion for Rehearing, and Brief in Support (Dkt. #178). Having considered the relevant pleadings, and the responses thereto, the Court finds that Plaintiff's Motion for Attorneys' Fees (Dkt. #173) is granted in part and denied in part, and Defendant's Motion for New Trial, Motion to Alter or Amend Judgment, Motion for Rehearing, and Brief in Support (Dkt. #178) is denied.

## BACKGROUND

On October 5, 2011, the Court entered a Memorandum Opinion and Order in this case, granting summary judgment in favor of the Plaintiff on both the contract claims and extra-contractual claims (Dkt. #168). The facts of this contract dispute are laid out in detail in the Memorandum Opinion and Order (Dkt. #168). In summary, the contract at issue was a title insurance policy issued by Plaintiff regarding a property purchased by Defendant for $3.45 million. The parties contested the scope of the provisions of the title insurance policy, and its exclusions and exceptions. Specifically, Defendant asserted that it was entitled to coverage under the title insurance policy for a flowage easement that was not disclosed on a initial survey conducted on the property. In addition

to the contract claims, both parties argued that they were entitled to summary judgment on a number of extra-contractual claims brought by Defendant including the following claims: (1) breach of the duty of good faith and fair dealing; (2) violations of the Texas Insurance Code; (3) negligent misrepresentation; (4) common law fraud; (5) statutory fraud; and (6) violations of the Texas Deceptive Trade Practices Act ("DTPA"). On November 10, 2011, the Court entered a final judgment that the title insurance policy be reformed, Defendant take nothing, and all claims be dismissed with prejudice (Dkt. #170).

Plaintiff filed its Motion for Attorney Fees and Brief in Support on November 22, 2011 (Dkt. #173). Defendant filed its response on December 23, 2011 (Dkt. #182). On January 9, 2012, Plaintiff filed its reply (Dkt. #188).

On December 8, 2011, Defendant filed its Motion for New Trial, Motion to Alter or Amend Judgment, Motion for Rehearing, and Brief in Support (Dkt. #178). Plaintiff filed its response on December 30, 2011 (Dkt. #184). On January 20, 2012, Defendant filed its reply (Dkt. #191).

## ANALYSIS

*Motion for New Trial*

Defendant argues that the Court should grant a new trial for the following reasons: the Court (1) ignored what Defendant calls the "Barnett line of cases" construing insurance policies; (2) ignored the testimony of Mark McPherson in construing the policy; (3) rewrites the definition of actual knowledge to "artificially imputed superior knowledge"; (4) rewrites the acts of the insured exclusion to include artificially imputed superior knowledge; (5) renders meaningless the knowledge exclusion; (6) overturns Texas black letter law by holding that "subject to" language is contractual, creates affirmative rights, and "self-inflicts wounds"; (7) misconstrues the word "and" to mean "or";

(8) improperly concludes that misplacing the flowage easement by many acres was "approximately" correct; (9) creates new Texas precedent by reforming an insurance policy after an insured suffers losses; (10) errs in concluding that Texas does not have survey coverage; and (11) undermines the very purpose for purchasing title insurance (Dkt. #178).

The Court has discretion in determining whether to grant a motion for new trial under Federal Rule of Civil Procedure 59. *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 272, 276 (5th Cir. 2000). "Motions for new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Scottsdale Ins. Co. v. Sessions*, 331 F. Supp. 2d 479, 495 (N.D. Tex. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Under Rule 59, the grounds for reconsideration are: (1) an intervening change in controlling law; (2) new, previously unavailable evidence; (3) the need to correct a clear error of law or fact; or (4) to prevent manifest injustice. *See In re: Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). A Rule 59 "motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

In its motion, Defendant has not asserted that an intervening change in controlling law occurred, or that it obtained new, previously undiscovered evidence for the Court's review. Therefore, Defendant must establish either a manifest error of law or fact, or that manifest injustice would result if the Court does not alter or amend the judgment.

Most of Defendant's arguments are merely a restatement of earlier arguments already addressed by the Court in its Memorandum Opinion and Order (Dkt. #168). In addition, Defendant

misstates the Court's holdings regarding the availability of survey coverage in Texas. "Motions to reconsider based on recycled arguments only serve to waste the resources of the court, and are not the proper vehicle to rehash old arguments or advance legal theories that could have been presented earlier." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002). The Court will not reconsider arguments already addressed by it in its previous order. The only new argument advanced by Defendant is that the Court erred when it observed that Defendant did not prove an actual error in the survey (Dkt. #168 at 26 n.8). However, this observation by the Court was not material to its holding, and further, is not an manifest error of law. Defendant did not prove an actual error in the survey, as the Texas Board of Professional Land Surveyors noted in their review of the surveyor's conduct. *Id.* Finally, Defendant asserts that this Court's "judicial activism" will allow insurers to claim a mistake and "rewrite" coverage after a claim is filed on the insurance policy. However, this is a clear misstatement of the scope of the Court's ruling in this case, and is clearly a flippant remark when considering that counsel for Defendant admitted during the summary judgment hearing that there was a mistake in the insurance policy as printed. Defendant fails to substantively address the holding of the Court regarding the reformation of the policy given the mistake agreed to by the parties, and therefore, there is no manifest error of law and no injustice will result from this holding. Given the foregoing, the Court finds that Defendant's Motion for New Trial, Motion to Alter or Amend Judgment, Motion for Rehearing, and Brief in Support (Dkt. #178) is denied.

*Motion for Attorneys' Fees*

Plaintiff filed a motion asking the Court to award attorneys' fees in this case for two situations. First, Plaintiff requests attorneys' fees for the defense of Defendant's asserted extra-contractual claims, which Plaintiff asserts had no basis in law or fact (Dkt. #173 at 3). Plaintiff

asserts that Defendant has never been able to identify any actionable misrepresentations by Plaintiff that would support the basis of its fraud-based claims. Second, Plaintiff requests attorneys' fees for Defendant's conduct during discovery, which Plaintiff argues unnecessarily increased the costs to both parties and the Court throughout the duration of this case. *Id*. at 4.

The Court may shift reasonable fees against "any attorney who... multiplies the proceedings in any case unreasonably and vexatiously." *Vanderhoff v. Pacheco*, 344 F. App'x 22, 27 (5th Cir. Sept. 2,2009); *see* 28 U.S.C. § 1927. To impose sanctions, the Court must find "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the Court." *Id.* "Section 1927 only authorizes shifting fees that are associated with the persistent prosecution of a meritless claim." *Id*.

Plaintiff argues that from the beginning it notified counsel for Defendant that the extra-contractual claims were unfounded and without merit (Dkt. #173 at 9). Even after extensive depositions and discovery, Defendant pursued these claims through summary judgment proceedings. Defendant argues that counsel's conduct in filing and litigating these extra-contractual counterclaims was not unreasonable or vexatious conduct (Dkt. #182 at 8). Defendant asserts that counsel was required to bring the counterclaims in order to avoid malpractice, and tried to work with Plaintiff's counsel to reach an agreement regarding these concerns to protect its client's claims. *Id*.

In its Memorandum Opinion and Order, the Court found that the extra-contractual counterclaims asserted by Defendant had no basis in fact (Dkt. #168). In fact, Defendant could not identify a single misrepresentation made by Plaintiff in support of its numerous claims for bad faith, violations of the Texas Insurance Code and DTPA, and fraud claims. In addition, Defendant admitted at the summary judgment hearing that its extra-contractual claims were based on the Court's interpretation of the insurance policy that was the real issue underlying the parties' claims.

This is an inappropriate basis for asserting Defendant's claims.  Finally, a number of Defendant's claims were based on its allegation that Plaintiff possessed the ability to "time-travel," and repeatedly accused Plaintiff of going back in time to rewrite its insurance policy provisions.  In fact, evidence submitted by Plaintiff indicates that counsel for Defendant even went so far as to question witnesses regarding their ability to "time-travel" and revise history (Dkt. #173, Ex. F at 231:14-233:11).  While counsel for Defendant characterizes these remarks as "mildly flippant," the Court does not agree.  In defending against these claims, Plaintiff was required to incur unnecessary fees for experts, discovery, and motions related to claims that were unsupported by the undisputed facts in the case or the law.  Clearly, the conduct of counsel for Defendant evidences a reckless disregard of its duty owed to the Court.  Further, the Court finds that counsel for Defendant's conduct in pursuing these claims after extensive discovery revealed there was no basis in fact for the claims was both unreasonable and vexatious, and Plaintiff's motion for attorneys' fees should be granted on this ground.

Plaintiff also argues that the Court should award attorneys' fees attributable to Defendant's designation of Mark McPherson as an expert (Dkt. #173 at 13).  Plaintiff contends that the testimony of an attorney regarding legal matters is not admissible expert testimony, and the Court agreed in its Memorandum Opinion and Order (Dkt. #168).  Defendant asserts that the designation of Mark McPherson as an expert did not unreasonably and vexatiously multiply the proceedings because he was designated as an expert on coverage issues, and used extensively in support of their motion for summary judgment (Dkt. #182 at 9).  Defendant argues that the Court should have allowed his testimony on the definition and trade usage of certain industry terms.  *Id.* at 10.

The Court finds that the designation of Mark McPherson as an expert witness was not

unreasonable and vexatious. Although the Court did find that the testimony of McPherson contained inadmissible legal conclusions and was not the proper subject for expert testimony, there is no basis to find that the conduct of Defendant's counsel was unreasonable and vexatious. It does not appear that in designating McPherson as an expert witness, and using his testimony extensively throughout the summary judgment proceedings was for any "bad faith, improper motive, or reckless disregard of the duty owed to the Court." *Vanderhoff*, 344 F. App'x at 27. Therefore, the Court finds that the conduct of Defendant's counsel was not unreasonable and vexatious, and finds that Plaintiff's motion for attorneys' fees should be denied on this ground.

In adjudicating an attorneys' fee award, a court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power & Light Co.*, 50 F.3d at 324. In the second step of the lodestar method, the Court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *Riley*, 99 F.3d at 760; *Louisiana Power & Light*, 50 F.3d at 331. "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable

---

[1] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n. 5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). The most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained. *Hensley*, 461 U.S. at 436.

Plaintiff requests attorneys' fees in the amount of $55,310.00 for the unreasonable and vexatious conduct of Defendant discussed above in pursuing the extra-contractual claims. Plaintiff's counsel kept detailed time records, and only request fees for the time expended exclusively on the defense of the extra-contractual claims (Dkt. #173, Ex. A-1). Fees were charged at the reasonable hourly rates of $190 to $300 for attorneys. These rates are reasonable compared to the rates charged by other attorneys in this locality who possess the same skill and expertise as Plaintiff's counsel. The fees requested are tied to the services performed that resulted from Defendant's counsels' unreasonable multiplication of the proceedings. The Court finds that Plaintiff is entitled to attorneys' fees in the amount of $55,310.00. Defendant does not contest this amount, nor the reasonableness of the fees requested, and no adjustment of the lodestar is warranted. Therefore, the Court awards Plaintiff attorneys' fees in the amount of $55,310.00 pursuant to 28 U.S.C. § 1927, which shall be paid jointly and severally by counsel for Defendant.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Attorneys' Fees (Dkt. #173) is **GRANTED in part and DENIED in part**.

It is further **ORDERED** that Defendant's Motion for New Trial, Motion to Alter or Amend Judgment, Motion for Rehearing, and Brief in Support (Dkt. #178) is **DENIED**.

It is further **ORDERED** that counsel for Defendant shall pay to Plaintiff a sum of $55,310.00, which is comprised of its reasonable attorneys' fees.

**It is SO ORDERED.**

**SIGNED this 22nd day of May, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE